# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 30, 2015

150994

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

LORINDA IRENE SWAIN,
        Defendant-Appellant.
_____/

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

SC: 150994
COA: 314564
Calhoun CC: 2001-004547-FC

On order of the Court, the application for leave to appeal the February 5, 2015 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether the test set forth in *People v Cress*, 468 Mich 678, 692 (2003), for determining whether a defendant is entitled to a new trial based on newly discovered evidence applies in determining whether a second or subsequent motion for relief from judgment is based on "a claim of new evidence that was not discovered before the first such motion" under MCR 6.502(G)(2); (2) whether the defendant is entitled to a new trial premised on the prosecution's violation of the rule set forth in *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963); (3) by what standard(s) Michigan courts consider a defendant's assertion that the evidence demonstrates a significant possibility of actual innocence in the context of a motion brought pursuant to MCR 6.502(G), and whether the defendant in this case qualifies under that standard; (4) whether the Michigan Court Rules, MCR 6.500, *et seq.* or another provision, provide a basis for relief where a defendant demonstrates a significant possibility of actual innocence; (5) whether, if MCR 6.502(G) does bar relief, there is an independent basis on which a defendant who demonstrates a significant possibility of actual innocence may nonetheless seek relief under the United States or Michigan Constitutions; and (6) whether the defendant is entitled to a new trial pursuant to MCL 770.1.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

MCCORMACK, J., not participating because of her prior involvement in this case as counsel for a party.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 30, 2015



a0930

Clerk